UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KERRY O. PAYNE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 22-CV-0472-CVE-JFJ |
| | ) |
| STEVEN HARPE, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Kerry O. Payne, an Oklahoma prisoner appearing pro se,[1] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, claiming that he is unlawfully detained under the judgment entered against him in the District Court of Tulsa County, Case No. CF-2015-5404. Dkt. # 1, at 1.[2] Respondent Steven Harpe moves to dismiss the petition, asserting that Payne did not file the petition within 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Dkt. ## 10, 11. Payne did not respond to the motion to dismiss and the time to do so has expired. Having considered the petition, the motion to dismiss and brief in support, the record of state court proceedings, and applicable law, the Court finds that the petition is untimely, concludes that the motion to dismiss shall be granted, and dismisses the petition.

I.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal collateral review of a state-court judgment under

---

[1] Because Payne appears without counsel, the Court liberally construes his filings, but the Court does so without crafting arguments for him. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The Court's citations refer to the CM/ECF header pagination.

28 U.S.C. § 2254. The limitations period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(1)(A) provides the most common triggering event for the one-year limitations period, and a habeas petitioner bears some burden to show that a different subsection applies. See Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000) (noting that "[t]he limitations period generally runs from the date on which the state judgment became final after direct appeal" as provided in § 2244(d)(1)(A)); Chavez v. Workman, No. 05-CV-0554-HDC-PJC, 2006 WL 2251718, at *3 (N.D. Okla. Aug. 4, 2006) (unpublished)[3] (reasoning that a habeas petitioner bears some burden to show that the one-year limitations period commenced at some date other than the date his or her judgment became final).

Regardless of which event triggers the commencement of the one-year limitations period, that period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Federal courts also may toll the limitations period for equitable reasons, Holland v. Florida, 560 U.S. 631, 645 (2010), or may excuse noncompliance with the statute of

---

[3] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

2

limitations if the petitioner asserts a credible claim of actual innocence, McQuiggin v. Perkins, 569 U.S. 383, 392 (2013).

## II.

Respondent contends (1) that the petition is untimely under § 2244(d)(1)(A), (2) that Payne cannot benefit from statutory tolling, and (3) that Payne has not demonstrated any facts or circumstances that would support equitable tolling of the limitations period or application of Perkins's equitable exception. Dkt. # 11, at 13-31. For the reasons discussed below, the Court agrees.

## A.

First, the petition is not timely under § 2244(d)(1)(A).[4] Under that provision, the one-year period begins to run on the date that the challenged state-court judgment becomes final. "For petitioners who pursue direct review all the way to [the United States Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). "For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." Id. Payne filed a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA), and the OCCA affirmed his judgment on January 21, 2021. Dkt. # 11-8, at 1, 44. Payne did not seek further direct review by filing a petition for writ of certiorari in the United States Supreme Court. Dkt. # 1, at 3. Thus, his judgment became final on June 21, 2021, when the time

---

[4] As respondent contends, Payne does not acknowledge that his petition was filed more than one year after his judgment became final. Rather, Payne left blank that portion of the petition asking him to explain whether he complied with the one-year statute of limitations. Dkt. # 1, at 14-15. Because Payne does not describe any facts implicating one of the triggering events described in § 2244(d)(1)(B), (C), or (D), the Court confines its analysis to § 2244(d)(1)(A).

expired to seek further direct review. Gonzalez, 565 U.S. at 150; Sup. Ct. R. 13.1 (providing 90-day period to file petition for writ of certiorari); Wonsch v. Crow, No. 22-6040, 2022 WL 17337880, at *2 (10th Cir. Nov. 30, 2022) (unpublished) (discussing Supreme Court's temporary adoption of 150-day period for filing a petition for writ of certiorari that was in effect between March 19, 2020, and July 19, 2021).[5] Payne's one-year limitations period, under the AEDPA, commenced the next day, June 22, 2021, and, absent statutory tolling, expired on June 22, 2022. Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The Court therefore finds that, absent any tolling events, the petition, filed October 18, 2022, is untimely under § 2244(d)(1)(A).

**B.**

Second, Payne cannot benefit from statutory tolling. Statutory tolling suspends the one-year limitations period for the "time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that is filed in accordance with all state law filing requirements. Artuz v. Bennett, 531 U.S. 4, 8 (2000); Habteselassie v. Novak, 209 F.3d 1208, 1210-11 (10th Cir. 2000). An application for state postconviction or other collateral review "remains pending until the application has achieved final resolution through the State's postconviction procedures." Lawrence v. Florida, 549 U.S. 327, 332 (2007) (internal quotation marks omitted) (quoting Carey v. Saffold, 536 U.S. 214, 220 (2002)). And the application must be filed within the applicable one-year limitations period. Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006); see also Robinson v. Whitten, No. 20-CV-0086-GKF-CDL, 2020 WL 7409596, at *7 (N.D. Okla. Dec. 17, 2020) (unpublished) (noting that an application for postconviction relief

---

[5] Payne's last day to file a petition for writ of certiorari in the Supreme Court would have been June 20, 2021. But because that day fell on a Sunday, Payne had until the following Monday, June 21, 2021, to file a timely petition for writ of certiorari. FED. R. CIV. P. 6(a)(1)(C).

or other collateral review that is filed before the one-year limitations period begins has no tolling effect until the date the limitations period begins). As Respondent contends, Payne filed several motions seeking various forms of relief and one application for postconviction relief in state district court before and during his one-year limitations period. Dkt. # 11, at 11-13. But none qualifies as a tolling motion under § 2244(d)(2).

Before his one-year limitations period began, Payne filed a motion requesting trial transcripts and a motion for extension of time. Dkt. ## 11-9, 11-10. Only the second motion was pending during Payne's one-year limitations period and thus had the potential to toll the limitations period. Dkt. # 11-1, at 29. But neither motion is a tolling motion because neither sought postconviction relief or other collateral review. See Wall v. Kholi, 562 U.S. 545, 553 (2011) (concluding that the phrase "collateral review," as used in § 2244(d)(2), "means a judicial reexamination of a judgment or claim in a proceeding outside of the direct review process"); Sudduth v. Raemisch, 532 F. App'x 823, 823 (10th Cir. 2013) (noting that "motions for transcripts and the like do not stop the limitations clock"); May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003) (agreeing with federal district court "that the limitations period should not be tolled during the pendency of [petitioner's] various motions for transcripts and petitions for writs of mandamus relating to those motions"). After his one-year limitations period began, Payne filed a motion for evidentiary hearing, a motion to appoint counsel, and a motion to produce record. Dkt. ## 11-11, 11-12, 11-13. Because these motions were not applications for postconviction relief and did not seek judicial reexamination of his judgment or any claims, these motions also did not toll the limitations period. Kholi, 562 U.S. at 553; Sudduth, 532 F. App'x at 823; May, 339 F.3d at 1237.

On January 21, 2022, Payne filed a "brief in support of post-conviction application," raising ten propositions of error. Dkt. # 11-14. On April 27, 2022, after receiving a response from

5

the state, the state district court construed the "brief" as an application seeking postconviction relief under OKLA. STAT. tit. 22, § 1080 and denied the application because it was not "verified" as required by OKLA. STAT. tit. 22, § 1081.  See Dkt. # 11-16 (explaining that "[a] 'verified' application is one that is either notarized or given before a person authorized to administer oaths or is one that is signed under penalty of perjury as specified under 12 O.S. Supp. 2002, § 426."); OKLA. STAT. tit. 22, § 1081 ("A [postconviction] proceeding is commenced by filing a verified 'application for post-conviction relief' with the clerk of court imposing judgment if an appeal is not pending."); Rule 1.13(L), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022) (describing conditions sufficient to show application is "verified").  Payne timely filed a postconviction appeal, and the OCCA affirmed the denial of his application, noting that Payne acknowledged that his application was not verified and concluding that the state district court did not abuse its discretion in denying relief "for lack of verification." Dkt. # 11-20.  Because state law requires an application for postconviction relief to be verified, and Payne's application was not, that application was not "properly filed" and thus did not toll the limitations period even though Payne filed it during the applicable one-year limitations period.  Artuz, 531 U.S. at 8; see also Millan v. Harpe, No. CIV-22-933-HE, 2023 WL 4485945, at *3 (W.D. Okla. May 16, 2023) (unpublished) (gathering cases and concluding that petitioner's unverified application for postconviction relief was not properly filed for purposes of statutory tolling), report and recommendation adopted, No. CIV-22-0933-HE, 2023 WL 4479288 (W.D. Okla. July 11, 2023); Hyslop v. Nunn, No. 21-045-RAW-KEW, 2022 WL 686308, at *6 (E.D. Okla. Mar. 8, 2022) (unpublished) ("Petitioner's fourteen unverified applications for post-conviction relief were not 'properly filed' under Oklahoma law, and those collateral filings thus did not statutorily toll Petitioner's AEDPA year."); Horton v. Tuggle, No. 19-CV-255-JFH-KEW, 2021 WL 767862, at

6

\*4 (E.D. Okla. Feb. 26, 2021) (unpublished) ("Because [habeas petitioner's] post-conviction proceedings never were properly commenced by filing a verified application for post-conviction relief under OKLA. STAT. tit. 22, § 1081, the statute of limitations was not tolled during the pendency of those proceedings."); Ferrell v. Allbaugh, No. 17-CV-0038-CVE-JFJ, 2018 WL 358512, at \*3 (N.D. Okla. Jan. 10, 2018) (unpublished) (reasoning that "petitioner's first post-conviction application was not 'properly filed' within the meaning of 28 U.S.C. § 2244(d)(2)" because the OCCA determined that "petitioner had filed to file with the trial court a verified post-conviction application or equivalent pleading in accordance with the mandate of OKLA. STAT. tit. 22, § 1081"). Based on the foregoing, the Court finds that Payne cannot benefit from statutory tolling.

### C.

Third, Payne has not shown that the petition should be deemed timely for equitable reasons or that the untimeliness of the petition should be excused under Perkins's equitable exception. A petitioner who seeks equitable tolling bears a "strong burden" to identify specific facts establishing that he diligently pursued his federal claims and that extraordinary circumstances prevented him from filing a federal habeas petition before the one-year limitations period expired. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008). As previously stated, Payne does not acknowledge in the petition that he filed the petition more than one year after his judgment became final, see Dkt. # 1, at 14-15, and he did not file a response to the motion to dismiss to explain his position on timeliness after respondent raised the statute of limitations defense. On this record, Payne has not met his burden to show either reasonable diligence or extraordinary circumstances, both of which are necessary to obtain equitable tolling. Similarly, even liberally construing the petition, Payne has not alleged, much less shown, that this is a rare case subject to the equitable exception

to the statute of limitations that is reserved for petitioners asserting credible claims of actual innocence. See Dkt. # 1, generally; Perkins, 569 U.S. at 395 ("AEDPA's time limitations apply to the typical case in which no allegation of actual innocence is made."). The Court thus finds that equitable tolling is not warranted, and that the equitable exception does not apply.

### III.

For the reasons just discussed, 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to the claims Payne asserts in the petition. The Court therefore dismisses the petition for writ of habeas corpus, with prejudice. And, because Payne's noncompliance with the statute of limitations constitutes a plain procedural bar, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### IV.

**IT IS THEREFORE ORDERED** that: (1) respondent's motion to dismiss (Dkt. # 10) is **granted**; (2) the petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by the applicable statute of limitations; (3) a certificate of appealability is **denied**; and (4) a separate judgment shall be entered herewith.

**DATED** this 27th day of September, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE